IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANN D. WEAVER and<br>CASSANDRA R. WEAVER, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | 09 C 5233 |
| TRITON COLLEGE, PATRICIA<br>GRANADOS, CATHY ANDRESS,<br>JAMES ADAMEC, JOHN<br>AUGUSTINE, THOMAS ANTHONY<br>SECCO and QUINCY MARTIN III, | )<br>)<br>)<br>)<br>)<br>) | Judge Ronald A. Guzmán |
| Defendants. | )<br>) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Triton College, Patricia Granados, Cathy Andress, James Adamec, John Augustine, Thomas Anthony Secco and Quincy Martin III's ("Triton defendants") motion to dismiss. For the reasons provided in this Minute Order, the Court grants the motion.

## Facts

Plaintiff Ann Weaver filed an Equal Employment Opportunity Commission ("EEOC") charge of race discrimination against her employer, Northeastern Illinois University. (Pls.' Resp. Defs.' Mot. Dismiss 1.) In 2007, the EEOC issued a right-to-sue letter with respect to that charge. (Id.) In 2009, the EEOC issued a new right-to-sue letter with respect to that charge pursuant to the Lilly Ledbetter Fair Pay Act of 2009, which retroactively amended Title VII to eliminate the statute of limitations bar against an aggrieved person's right to introduce evidence of an unlawful employment practice that has occurred outside the time for filing a charge of discrimination. (Id. at 2); Public Law No. 111-2, § 3(A), 123 Stat. 5-6. Plaintiffs Ann and

Cassandra Weaver assert that the 2009 right-to-sue letter with regard to Ann Weaver's charge of discrimination against Northeastern Illinois University authorizes their instant Title VII lawsuit against the Triton defendants because they forced Cassandra to involuntarily withdraw from four classes in retaliation for Ann Weaver's filing a discrimination charge against Northeastern Illinois University. (Compl. at 2 ("for opposing racial discrimination"); *id.* at 13 ("because she opposed unlawful discrimination at Northeastern Illinois University"); Pls.' Resp. Defs.' Mot. Dismiss 1-2.) Therefore, plaintiffs concede that they have not filed an EEOC charge against the instant defendants.

## **Discussion**

Under Federal Rule of Civil Procedure 12(b)(6), "to survive a motion to dismiss a complaint's request for relief must be plausible on its face." *Brown v. JP Morgan Chase Bank*, 334 Fed. Appx. 758, 759 (7th Cir. 2009) (quotations omitted). "A claim is facially plausible when the alleged facts allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quotation omitted). "[D]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1953 (2009). "'[N]aked assertions devoid of further factual enhancement' will not do." *Brown*, 334 Fed. Appx. at 759 (quoting *Iqbal*, 129 S. Ct. at 1949).

However, a document filed pro se is to be liberally construed. *McCormick v. City of Chi.*, 230 F.3d 319, 325 (7th Cir. 2000). The court has a duty to consider allegations found in all

2

of the documents filed by a pro se plaintiff. *Williams v. Faulkner*, 837 F.2d 304, 307 (7th Cir. 1988).

According to the Triton defendants, plaintiffs' claims are outside the scope of Ann Weaver's EEOC charge of discrimination. This is an affirmative defense. *See Graham v. United Parcel Serv.*, 519 F. Supp. 2d 801, 807-08 (N.D. Ill. 2007). "A litigant may plead itself out of court by alleging (and thus admitting) the ingredients of a defense." *U.S. Gypsum Co. v. Ind. Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003).

The Triton defendants argue that plaintiffs have pleaded themselves out of court because they concede that their lawsuit against Triton College, Patricia Granados, Cathy Andress, James Adamec, John Augustine, Thomas Anthony Secco and Quincy Martin III is based on Ann Weaver's EEOC discrimination and retaliation charge against Northeastern Illinois University. (*See* Pls.' Resp. Defs.' Mot. Dismiss 1-2.) The Court agrees.

A Title VII plaintiff can sue only on claims that were included in his administrative charge of discrimination. *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). "Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge . . . ." *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. 1985). "In determining whether the current allegations fall within the scope of the earlier charges, the court looks at whether they are 'like or reasonably related to' those contained in the EEOC complaint." *Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202 (7th Cir. 1996) (quoting *Harper v. Godfrey Co.*, 45 F.3d 143, 148 (7th Cir. 1995)). This means that "the EEOC charge and the complaint must, at minimum, describe the same conduct and implicate the same

individuals." *Cheek*, 31 F.3d at 501. "If they are, the court then asks whether the current claim reasonably could have developed from the EEOC's investigation of the charges before it." *Cheek*, 97 F.3d at 202.

First, where the underlying EEOC charge is based on unrelated conduct by a different defendant, the charge is not like or reasonably related to the allegations in the Title VII complaint. *See Ward v. United Parcel Serv., Inc.*, No. CV 81-2012 (RJD), 1987 WL 14134, at *4 (E.D.N.Y. July 10, 1987); *see also Cohen v. Ind. State Dep't of Health*, 2001 WL 548393 (S.D. Ind. Mar. 28, 2001) (barring claims as outside the scope of the charge against entities that "were not named in the charge upon which this action is based."). In her EEOC charge, Ann Weaver complained that her employer, Northeastern Illinois University, discriminated against her based on her race. (Compl. at 2 ("for opposing racial discrimination"); *id.* at 13 ("because she opposed unlawful discrimination at Northeastern Illinois University"); *id.*, Ex., EEOC Notice of 5/21/09.) In the instant complaint, both Ann and Cassandra Weaver allege that the Triton defendants retaliated against Cassandra for Ann's filing that charge. (Compl. at 2.) The charge does not describe the same conduct or implicate the same individuals or entities. The instant defendants' alleged retaliatory conduct is not like or reasonably related to Northeastern Illinois University's discriminatory conduct alleged in the charge. Therefore, the Court holds that instant claims are not within the scope of Ann Weaver's EEOC charge.

Second, even if the Court were to hold that the current claims were like or reasonably related to those contained in the EEOC charge, which it does not, the Court holds that the current claim could not have reasonably been developed from the EEOC's investigation of the charges before it. An investigation of unlawful race discrimination in the workplace at Northeastern

Illinois University would not have reasonably lead to claims against another college who did not employ Ann Weaver.

## Conclusion

For the reasons provided herein, the Court grants Triton College, Patricia Granados, Cathy Andress, James Adamec, John Augustine, Thomas Anthony Secco and Quincy Martin III's motion to dismiss, dismisses all claims against them with prejudice, and hereby dismisses this case.

**SO ORDERED**                                 **ENTERED:**

*Ronald A. Guzman*

**May 20, 2010**                          _____
                                                       **HON. RONALD A. GUZMAN**
                                                        **United States Judge**